**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**TARVOUS JOVAN DOVE**                                                          **PLAINTIFF**

**VS.**                                                       **CIVIL ACTION NO. 3:14CV27-LRA**

**WARDEN SHAW, ET AL**                                                        **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Defendants Warden Frank Shaw and Major Derrick Smith filed a Motion for Summary Judgment Based on Failure to Exhaust Available Administrative Remedies [23]. They allege that Tarvous Jovan Dove (hereinafter "Plaintiff" or "Dove") failed to exhaust the remedies available through the Administrative Remedy Program (ARP) at the East Mississippi Correctional Facility [EMCF], in Meridian, Mississippi. In support, Defendants attached the January 21, 2015, Affidavit of Mary Dempsey, the ARP coordinator at EMCF, as well as a copy of the inmate handbook. Having reviewed the pleadings and the record in this cause, as well as Dove's sworn testimony at the January 26, 2015, omnibus hearing, the Court finds that the motion is well-advised and shall be granted. Dove has failed to properly exhaust the administrative remedies provided by EMCF, and the applicable law requires that his complaint be dismissed for this reason.

Dove filed this complaint on January 14, 2014, while an inmate at the EMCF, naming Warden Frank Shaw, Major Derrick Smith, Deputy Warden Federico Ovalle-Rodriguez, and Captain Fredrick Young as Defendants. Ovalle-Rodriguez and Captain Young have not been served with process, as they were no longer employed at the facility

when service of the summonses was attempted [15].   Dove is now housed at the South Mississippi Correctional Institute [SMCI] in Leakesville, Mississippi.

Plaintiff charges that these Defendants failed to protect him from an attack by other inmates on March 19, 2013.  Dove had resigned from his gang affiliation (Vice Lords) and was being threatened by his former gang affiliates.  He had asked to be moved and had discussed the problems with Defendant Young.  He does not claim that either of the served Defendants were present when he was assaulted, or that the unserved Defendants were present.  Dove filed an ARP asking to be moved away from EMCF on March 3, 2013, right before he was attacked by the other inmates.

According to Defendants, Dove failed to complete the entire administrative review process before filing suit.  In her affidavit, Ms. Dempsey stated that Dove did file an ARP [ARP No. EMCF-13-456] on March 6, 2013, seeking to be transferred to SMCI due to gang threats.  She attached the complete file for this ARP as Exhibit 1 to her affidavit .  Dove received his first step response from J. Anglin on April 9, 2013, and then Dove canceled his complaint at this first step level.  He never completed the second step.

Ms. Dempsey further stated that on March 20, 2013, Dove did file an ARP [ARP No. EMCF-13-478]  regarding an assault that occurred the day before while he was being escorted by two correctional officers to his cell on his housing unit.  Ms. Dempsey attached the complete file for this ARP as Exhibit 2 to her affidavit.  Dove canceled his complaint on April 17, 2013, before receiving a first step response from staff.

On April 18, 2013, Ms. Dempsey avers that Dove submitted an ARP [ARP No. EMCF-13-1163] charging that Defendant Young had intimidated him into canceling his grievance about being assaulted.  He requested to reinstate his prior grievance that had been dismissed.  This ARP file was attached as Exhibit 3 to Ms. Dempsey's affidavit.  Dove received his first step response from Defendant Major Smith on August 17, 2013.  The response indicated that an investigation had been performed, and it revealed that Dove had not been intimated by EMCF staff.  His request to reinstate his prior grievance was dismissed.  Dove received his second step response from the warden denying relief on September 25, 2013.

Claiming that Dove did not properly exhaust the claims at issue in this lawsuit, Defendants request that summary judgment be entered in their favor.  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  In response to a motion for summary judgment, the non-moving party must provide specific proof demonstrating a triable issue of fact as to each of the elements required to establish the claim asserted.  *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122–23 (5th Cir. 1988).  The court must resolve all reasonable doubts about the existence of a genuine issue of material fact against the movant.  *Byrd v. Roadway Express, Inc.*, 687 F.2d 85, 87 (5th Cir. 1982).

The applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion is no longer left to the discretion of the district court, but is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This is so regardless of whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages. *Id.*

In *Jones v. Bock*, 549 U.S. 199, 211 (2007), the Supreme Court confirmed that exhaustion was mandatory under the PLRA and that "unexhausted claims cannot be brought in court." The Court did find that the failure to exhaust was an affirmative defense and prisoners were not required to plead exhaustion in the Complaint. *Id.*

The PLRA governs all of Dove's claims. Accordingly, he is required to complete

4

the ARP process in its entirety before he is able to file suit under § 1983. The records reflect that Dove canceled or withdrew his ARPs regarding his request to be moved and his assault by other inmates before the two-step process was complete. Dove generally concedes this fact. However, he contends that his third ARP, claiming that he was intimidated into withdrawing the prior two ARPs, was carried through the second step and completes the exhaustion requirement for all his claims. In his complaint [1], page 3, Dove was asked if he had completed the ARP regarding his claims. He marked "yes" and then stated the results as "denied, cause the camera footage dated May 2013 doesn't support my claim but the incident was in March not May." He did not mention on this portion of the complaint that he dropped his ARPs due to intimidation. Dove also filed a response to Defendants' motion on June 12, 2015 [33], attaching Defendants' supporting documentation as his own evidence of exhaustion. His response to the motion is generally that these documents confirm his exhaustion.

    Whereas Dove may reasonably feel like he did proceed fully through the ARP procedures available to him at EMCF because of his final ARP, the law does not support his claims of exhaustion. He sues these Defendants alleging that he was threatened by other inmates; he reported the threats; he asked for protection; the protection was not provided; and, he was stabbed by the inmates. He admits that he dropped the initial ARPs complaining that he was in danger, and then that he was stabbed. The evidence that these ARPs were dropped prior to second step responses has not been rebutted. Plaintiff did complete an ARP charging that he was "intimidated" into dropping the prior ARPs.

However, this issue is not the substance of his complaint: that he feared for his life and Defendants failed to protect him.

Citing Fifth Circuit precedent, Defendants contend that exhaustion is not excused because an inmate charges that he feared what would happened to him if he exhausted his administrative remedies.  *See, e.g., Randall v. Nash,* 505 Fed.Appx. 372, 373 (5th Cir. 2013).  *See also Summers v. Gibson*, 105 Fed.Appx. 605 (5th Cir. 2004) (prisoner argued that he did not exhaust because of fear of what would happen); *Santos v. White,* 95 Fed. Appx. 716, 717 (5th Cir. 2004) (prisoner argued that he did not exhaust because he feared for his life).  In the *Randall* case, plaintiff's response to the issue of his non-exhaustion was that he feared filing grievances due to fear, threats and constant harassment.  The court, citing *Jones v. Bock* and *Booth v. Churner,* ruled that this allegation is insufficient to excuse the mandatory duty to comply with the exhaustion requirements in the PLRA, and noted that there is no futility exception to the exhaustion requirement.

Dove was not afraid to file three ARPs during his incarceration at EMCF, and he obviously was familiar with how the process works.  His complaint that he was intimidated into withdrawing his prior ARPs was rejected as unsupported by any evidence.  Dove has not put forth any evidence to rebut Defendants' proof of non-exhaustion.  He may not be pleased with how the program works.  However, this Court has no power to construct the ARP policies for a prison.  The requirement of exhaustion applies regardless of a plaintiff's opinion on the efficacy of the institution's administrative remedy program.  *Alexander v. Tippah County, MS*, 351 F.3d 626, 630 (5th

Cir. 2003).  It is also not for this Court to decide whether the procedures "satisfy minimum acceptable standards of fairness and effectiveness."  *Booth,* 532 U.S. at 740 n. 5.  Plaintiff's opinion regarding how ineffective the EMCF ARP process was is insufficient to overcome Supreme Court precedent mandating exhaustion of remedies available under the ARP.

The Fifth Circuit has confirmed that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement."  *Gonzalez v. Seal,* 702 F.3d 785, 787-88 (5th Cir. 2012) (per curiam); *Moussazadeh v. Texas Dept. of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012) (quoting *Gonzalez*).  In this case, Dove clearly did not fully exhaust his administrative remedies before filing this lawsuit, and the Court has no choice but to dismiss his Complaint.  An inmate who begins the administrative grievance process but voluntarily halts the process prematurely has not properly exhausted his administrative remedies, and this Court has no discretion to excuse him.  *Wright,* 260 F.3d at 358.  The Court finds that Defendants Shaw and Smith have submitted competent proof of Dove's non-exhaustion, and Dove has failed to overcome the proof.

Additionally, the Court notes that part of the relief sought by Dove was injunctive in nature, to be transferred "to a safer protective custody environment such as a penitentiary system within Central Mississippi Correctional Facility."  He also requested "one million dollars."  Yet, Dove is now housed at SMCI, and these Defendants only worked at EMCF.  Since they have no authority at SMCI, they have no present ability to

provide the injunctive relief sought even had Dove fully exhausted.  That portion of the relief sought by Dove in this lawsuit is now moot; only the request for $1,000,000 would remain.

There are two Defendants who have not been served with process, Fredrick Young and Federico Ovalle-Rodriquez, and they are no longer employed at EMCF.  Defense counsel provided the undersigned's chambers their full names and last known home addresses by letter dated February 4, 2015.  It would be futile for the Court to again attempt to have these Defendants served with process at taxpayers' cost, because the same exhaustion issue would prevent Dove from proceeding as to them.  Accordingly, the complaint shall also be dismissed as to the unserved Defendants.

IT IS, THEREFORE, ORDERED that Warden Frank Shaw and Major Derrick Smith's Motion for Summary Judgment Based on Failure to Exhaust Available Administrative Remedies [23] is **granted**, and the Complaint is dismissed without prejudice.  A separate Final Judgment shall be entered.

SO ORDERED this the 9th day of September 2015.

/s/Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE